Denby vs. Willer.

DENBY vs. WILLER.

*December 13, 1883 — January 8, 1884.*

OBSTRUCTION UPON SIDEWALK: NEGLIGENCE: MUNICIPAL ORDINANCE. *(1) Pleading: Evidence. (2) Court and jury. (3) Construction of ordinance: Burden of proof.*

1. In an action for an injury caused by falling over a block of wood standing upon the sidewalk in front of defendant's premises, the complaint alleged that the block was negligently and *wrongfully*

Denby vs. Willer.

*placed*, or caused to be placed, there by the defendant. *Held*, that such allegation was material, and must be proved. Evidence that after the injury the defendant, in a conversation, said that he needed or used the block in his business, is not sufficient to support a finding that such allegation was true.

2. Whether one who temporarily places articles used in his business upon the outer edge of the sidewalk in a city, leaving ample room for passage, is guilty of such negligence as will make him liable to a person injured by falling over such articles, is, in the absence of any law or ordinance prohibiting such obstructions, a question of fact.

3. A municipal ordinance provided that "it shall be lawful for any person to place and leave, for a period not exceeding six hours, on three feet of the outer edge of the sidewalk in front of his store or building, any goods, wares, or merchandise which he shall be in the act of receiving or delivering." *Held*, that a person using the sidewalk in accordance with such ordinance is not, unless guilty of some negligence, liable for accidents resulting from such use; and that the burden of proof is not upon him to show the necessity of such use, or that the goods were removed within a reasonable time.

APPEAL from the County Court of *Milwaukee* County.

Action for a personal injury to the plaintiff caused by her falling over a block of wood about three feet long, lying upon the sidewalk in front of the defendant's planing-mill, on Cedar street in the city of Milwaukee. The allegations of the complaint, the evidence, and the instructions to the jury are sufficiently stated in the opinion. The answer admitted the ownership of the premises, denied all the other allegations of the complaint, and alleged that if the obstruction was placed, or caused to be placed, upon the sidewalk, as averred in the complaint, it was lawfully done for the purposes of the defendant's business, and the block of wood was there for the purposes of the business and to be removed therefrom into the planing-mill; that it was within three feet of the outer edge of the sidewalk, and had been there for less than six hours at the time of the accident, and would have been removed into the mill but that the defendant did

not know of its being there at that time; and that if it was there it was lawfully there, in pursuance of sec. 36 of the general ordinances of the city of Milwaukee, passed April 20, 1875, and then in force in said city.

There was a special verdict in which the jury found: (1) that the plaintiff fell over a loose block of wood upon the sidewalk in front of the defendant's premises; (2) that the third finger of her right hand was permanently disabled thereby; (3) that the defendant put or caused to be put said block of wood on the sidewalk in front of his premises; (4) that the block was about three feet from the outer edge of the sidewalk; (5) that there was no evidence as to how long it had been there, but it was there at eight o'clock P. M.; (6) that the plaintiff, prior to said accident, was in the exercise of ordinary care and diligence while traveling on said sidewalk; (7) that the block was left in the place where the accident occurred through want of ordinary care on the part of the defendant; (8) that no want of ordinary care on the part of the plaintiff contributed to the injury.

The jury also found generally for the plaintiff, and assessed her damages at $300. A motion for a new trial was denied, and from a judgment on the verdict the defendant appealed.

For the appellant there was a brief by *E. P. Smith, Nath. Pereles & Sons,* and oral argument by *Mr. Smith.*

*John A. Wall,* of counsel, for the respondent.

TAYLOR, J. The respondent brought this action against the appellant to recover damages for an injury sustained by her in falling over a block of wood standing on the sidewalk in front of the appellant's premises, in the city of Milwaukee, while she was passing along said walk about eight o'clock in the evening of August 11, 1882. The evidence shows that at the place where the injury was received the

sidewalk was a planked walk about fourteen feet wide, and that the block over which the respondent stumbled and fell was standing on the walk, about three feet from the edge thereof next to the street gutter; that the reason the respondent stumbled over the same was that she turned aside to pass two girls, who were standing on the walk at the time.

The complaint alleges "that the block was negligently and wrongfully placed there by the appellant, or caused to be placed there by him." This was clearly a material allegation in the complaint, and in order to entitle the respondent to recover in this action it was necessary for her to prove that allegation. The mere proof that the block was on the walk at eight o'clock in the evening does not establish the fact that it was placed there, or caused to be placed there, by the appellant. To establish that fact something more is necessary. Proof that he was the owner of the block might raise a presumption, perhaps, that he either placed it there or caused it to be placed there; or proof that he had placed other blocks of a like character on the walk at the same place might raise such presumption. No such evidence was given on the part of the respondent in this case. The only evidence given by her which had any tendency to raise a presumption that the block might have been placed on the walk by the appellant, or that he caused it to be placed there, is the following: The respondent testified that some time after she received the injury she called on the appellant in regard to the matter, and, in a conversation between the parties in regard to the matter, appellant said "he needed the block in his business," or, "he used that block in his business." This evidence is not direct evidence, tending to prove that the appellant either placed or caused the block to be placed on the sidewalk, nor that he knew the block was there at the time the accident happened. It tends, perhaps, to raise a presumption that he did place it

there or caused it to be placed there. It is hardly more than a *scintilla* of evidence tending to prove negligence on the part of the appellant, if negligence can be predicated upon the simple fact that he either placed or caused the block to be placed where it was on the sidewalk.

There being no direct evidence tending to prove the negligence, and the admission proved, upon which it is claimed the jury would have the right to infer negligence, being entirely consistent with the statement of the appellant that he neither put it there himself nor ordered any one to put it there, and that two hours before the accident happened he examined the sidewalk to see if there was anything obstructing the same, and that he did not see any block on the walk at that time, completely destroyed any inference of negligence which might be drawn from his admission as sworn to by the respondent. It might be true that the appellant used the block in his business, or that he needed it in his business, and yet be equally true that he neither placed it where it was, nor caused it to be placed there. And the probabilities, under the evidence, are that it was placed there by some one who desired to have the same worked up in the appellant's factory; or, if it was in fact the block of the appellant, that it was left upon the walk after the shop was closed the evening of the accident, by some person employed by the seller of the block to deliver the same to him; and upon either of the suppositions the appellant could not be charged with negligence because he did not know it was there when the accident happened.

It is very clear that, under the evidence, the city could not have been held liable for permitting the sidewalk to be obstructed. In order to charge the city with negligence for permitting the walk to be obstructed, the party alleging such negligence would be compelled either to prove that some official of the city, whose business it was to look after the streets and see that they were kept in order, had noticed

Denby vs. Willer.

that the obstruction was on the walk, or that the obstruct-ion had remained there for such length of time before the accident happened that such officer ought to have known of its existence.

The complaint in this case does not go upon the ground that the owner is liable for the injury because it is his duty to see that the walk in front of his premises is kept unob-structed, but it proceeds upon the theory that he obstructed it or caused it to be obstructed; and it is clear the plaintiff could recover upon no other theory, as there was no evidence tending to show that the obstruction had been there for such length of time before the accident as to charge him with notice of its existence from that fact. No one saw it there before six o'clock in the evening, and the accident happened at eight o'clock the same evening. All the proof there is on the subject shows that it was not there at six o'clock, and consequently that it was placed there by some one after that hour. The legitimate inference is that it was placed there by some one not in the employ of the appellant, as the evi-dence shows that he was not there after that hour and that his factory was closed for the day at that hour.

If the appellant can be charged with negligence upon the evidence in this case, then any one who owns a house or place of business in a city may be charged with negligence, if, after he closes up his business for the day, a stranger should place an obstruction on his walk, and some one pass-ing should fall over such obstruction and receive an injury. In such case it is not enough to prove the obstruction on the walk in order to charge the adjoining owner, but, as is al-leged in the complaint in this case, it is necessary to prove that the owner of the adjoining premises placed or caused it to be placed there.

We think the third finding of the special verdict, "that the defendant, in the month of August last, put or caused to be put said block of wood on the sidewalk in front of his

premises," is wholly unsupported by the evidence, and for that reason the verdict should have been set aside.

We think it a very doubtful proposition of law that the owner of a business place in a city is, as a question of law, guilty of such negligence as will make him respond in damages to a person injured by falling over articles which he uses in his business, and which he has temporarily placed upon the edge of the sidewalk next the street gutter, leaving ample room between such articles and the side of the street for the passage of those who may have occasion to pass along the sidewalk. We know, as a matter of fact, that business men in cities are constantly in the practice of placing such obstructions upon the outer edge of the walks in front of their places of business, and that the right to do so under certain restrictions is recognized by the city authorities in their ordinances. This practice being general, in the absence of any law or ordinance prohibiting such obstruction of sidewalks, we think the question of the negligence of the person so obstructing the same is a question of fact, and that the mere proof that the owner of the adjoining premises placed such articles on such part of the walk, does not, as a matter of law, establish the fact of negligence; that in order to establish such fact, all the circumstances must be considered, such as the width of the walk, the character of the article or articles placed thereon, where placed, the time when they were so placed, as well as the fact whether the sidewalk in question is one over which large numbers of people or comparatively few pass.

We are also inclined to hold that the learned county judge misdirected the jury as to the proper construction of the city ordinance upon this subject. That part of the ordinance which has a bearing upon the question in issue reads as follows: "It shall be lawful for any person to place and leave, for a period not exceeding six hours, on three feet of the outer edge of the sidewalk in front of his store or

building, any goods, wares, or merchandise, which he shall be in the act of receiving or delivering." In commenting upon this ordinance, the learned county judge says: " The ordinance gives him that right, and, the ordinance giving him that right, he has the right to use it; but in using it, gentlemen of the jury, he must use it in such way that no injury will result to persons passing or repassing; and besides, the ordinance, if I understand it as read, allows the party six hours in which to place his goods; within that time they may be within three feet of the end of the sidewalk; but, as I understand, it does not permit or allow them to remain there longer than is actually necessary for the purposes of his business; and within that time, unless there is good reason for it shown to you, he would be obliged to remove them off from that space of ground." This instruction, we think, misconstrues the ordinance — *First*, in stating that the party using the part of the sidewalk designated therein "must use it in such a way that no injury will result to persons passing or repassing." This general language would deprive the owner of the premises of any rights under the ordinance, as between himself and the public who had the right to travel the walk. If, notwithstanding the ordinance, he must be answerable for any injury which may result to the traveler by such use, then he has no benefit from the ordinance, except that he may be relieved from a criminal prosecution for the obstruction of the walk. If the learned judge meant, by this language, that the owner of the premises, in availing himself of the privilege granted by the ordinance, must exercise ordinary care in such use, and that he would be liable for any injury occurring to persons passing along the walk by the neglect of the owner to use the same in a reasonably careful manner, the instruction would be undoubtedly correct. As, for example, if he should pile up his goods on that space in such a careless manner that they should fall upon a person passing

them on the walk, or an injury should result to a person passing the same on the walk by any other careless manner of placing the goods on the part of the walk designated in the ordinance. The instruction given goes further, and makes the owner of the goods and premises liable for an injury resulting to a person passing along the walk, from the mere fact of their being there, no matter whether carefully or negligently placed there. At all events, the jury might well have so understood the instruction.

Again, we think the learned judge erred in holding, in substance, that under the ordinance the owner of the premises must affirmatively make it appear that it was actually necessary that the goods should be on the walk, notwithstanding the six hours had not elapsed since they were first placed there. In other words, that, notwithstanding the ordinance, the owner must remove the goods at once, and within the six hours, unless the necessities of his business are such as to require them to remain there, and that, in the absence of evidence on that point, the presumption is that no such necessity existed. If, under the ordinance, the owner must remove the goods placed upon the walk within a reasonable time, or within such time as the necessities of his business will permit, and he may not arbitrarily leave them there for the six hours, still we are of the opinion that in order to charge the owner with want of diligence in not removing the goods within the six hours, the evidence showing such want of diligence must be produced by the party alleging it, and it will not be presumed from the mere fact that goods were on the walk for any period less than the six hours.

For these errors the judgment of the county court must be reversed, and the cause remanded for a new trial.

*By the Court.*— It is so ordered.