JOCHEM, Appellant, vs. ROBINSON and another, Respondents.

*September 25 — October 12, 1886.*

*Negligence: Obstructing sidewalk: Injury to pedestrian: Contributory negligence: Court and jury.*

When the owner of premises fronting on a street obstructs the public travel on the street or the sidewalk, he is responsible for any injury resulting therefrom to a traveler using ordinary care, unless he shows that such obstruction was temporary only and reasonably necessary. And the questions of reasonable necessity and of contributory negligence are ordinarily for the jury.

APPEAL from the County Court of *Milwaukee* County. The following statement of the case was prepared by Mr. Justice CASSODAY:

The complaint alleged, in effect, that January 11, 1882, the defendants, as wholesale grocerymen, were occupying Nos. 318, 320, and 322, east side of East Water street, in Milwaukee; that, in carrying on their business on that day, they obstructed the sidewalk by placing across the entire breadth thereof, along in front of their said store, a skid about eighteen feet in length, consisting of two parallel wooden beams, each about three inches by four inches in thickness, and about twenty inches apart, held together at both ends by cross-pieces of wood and iron, one end of which was about two feet in front of the door-sill of one of the doors of said store, and rested upon an iron platform next to said building, extending along the whole breadth thereof, and which platform was about three feet wide and about six inches higher than the sidewalk, and the other end of said skid rested upon the side of a sleigh of the defendants', standing in the roadway and next and close to said sidewalk; that directly under said skid, and extending from said platform across said sidewalk and about two and a half feet beyond into the roadway, was an inclined plane,

commonly called a toe-board, which was about ten inches wider than the skid; that the more elevated part of said toe-board was close to and flush with said platform, and the other end thereof rested upon said sleigh, and was about eighteen inches above the surface of the sidewalk; that said sidewalk in front of the store was, exclusive of said platform, of a uniform width of at least fifteen feet; that said street and sidewalk were among the principal thoroughfares of the city; that at the time in question the "defendants were using said skid, . . . unnecessarily and unlawfully, in and about loading from their said store merchandise packed in kegs of the capacity of about five gallons each, upon their said sleigh, each package weighing less than fifty pounds; that said use of said skid across the entire breadth of said sidewalk was unnecessary, and therefore unlawful, in this: that said merchandise in said kegs could, by said defendants, quite readily and easily have been loaded upon said sleigh with the use of a shorter skid, or without the use of any skid at all, and, at all events, without blocking and obstructing the entire breadth of said sidewalk, and so that a portion of the breadth of said sidewalk could and would have been left open and unobstructed for the passage of pedestrians; that said skid then and there was a nuisance upon said sidewalk, created by said defendants;" that at the time in question "the said sidewalk immediately in front of said store . . . was also otherwise greatly obstructed by barrels and boxes, which said defendants had placed next to said store, and over a space extending several feet from said store, and so that it was then and there impossible for any pedestrian to go around the end of said skid by way of said platform or said door-sill of said store, and so that the only way then left for pedestrians to pass along said sidewalk, by and in front of said store, was by crossing said skid; that said boxes and barrels, so obstructing said sidewalk, then and there also were a nuisance upon said sidewalk, created by said defendants;" that both said ob-

structions and nuisances were placed upon said sidewalk by the defendants or their servants, contrary to and in violation of an ordinance of the city, and were unlawful and unauthorized, by reason of the same being nuisances as aforesaid; that at the time in question the roadway of said street in front of said store was wet and slushy with melting snow, and was very much crowded with moving teams and vehicles, so that it was dangerous for a pedestrian to be thereon; that while the defendants were so using said skid and so obstructing said sidewalk in front of their said store, and at or about ten o'clock in the forenoon of said day, the plaintiff was lawfully walking upon said sidewalk from a point southerly from said store, in a northerly direction, with the intent and purpose of continuing so to walk on said sidewalk some distance northerly of said store; that while the plaintiff was so walking upon said sidewalk, and while in the act of crossing said skid at a point least elevated above the sidewalk, and directly over said toe-board, and while in the use of great care and caution, taking particular pains as to how and where he stepped, his left foot slipped on the further or second beam of said skid, and in consequence thereof he fell, and by reason of such falling his left leg was fractured near the hip joint, and he thereby became and was sore, sick, lame, and confined to his bed, and subjected to great pain and suffering, for a long time, and was then and there, by reason of said injury, permanently crippled and disabled in his left leg, and will be crippled and lame and compelled to suffer great pain for and during the remainder of his life, to his damage in the sum of $10,000; wherefore judgment is demanded for that amount.

To such complaint the defendant demurred, on the ground that it did not state facts sufficient to constitute a cause of action. From the order sustaining such demurrer the plaintiff appeals.

For the appellant there was a brief by *Cotzhausen, Syl-*

Jochem vs. Robinson and another.

*vester, Scheiber & Sloan,* and oral argument by *Mr. Scheiber.*

For the respondents there was a brief by *Jenkins, Winkler, Fish & Smith,* and oral argument by *C. H. Van Alstine.* They contended that the owner of premises abutting upon a public street has a right to obstruct the half street in front of his premises for the purpose of receiving and delivering goods, provided the obstruction is not improper and is not continued for an unreasonable time. *Comm. v. Passmore,* 1 Serg. & R. 218; *Palmer v. Silverthorn,* 32 Pa. St. 69; *People v. Cunningham,* 1 Denio, 530; *O'Linda v. Lothrop,* 21 Pick. 292–297; *Wood v. Mears,* 12 Ind. 515; *Clark v. Fry,* 8 Ohio St. 358; *Mathews v. Kelsey,* 58 Me. 56; *Rex v. Jones,* 3 Campb. 230; *Rex v. Cross,* id. 224; *Rex v. Russell,* 6 East, 427; *Hundhausen v. Bond,* 36 Wis. 29; *Piollet v. Simmers,* 106 Pa. St. 110; *Welsh v. Wilson,* 101 N. Y. 254. The complaint does not show that the obstruction in this case was improper or continued for an unreasonable time. It does not show how long it was continued. The words "unnecessarily" and "unlawfully," in the complaint, are of no avail without a statement of the facts supporting them. *Feiten v. Milwaukee,* 47 Wis. 494; *Sup'rs Kewaunee Co. v. Decker,* 30 id. 634; *Riley v. Riley,* 34 id. 376; *Cahill v. Layton,* 57 id. 615; *Sullivan v. Waters,* 14 Ir. C. L. R. (N. S.), 464.

CASSODAY, J. The complaint is unnecessarily long, repetitious, argumentative, and inartistic, but such infirmities are not before us on this appeal. The primary object of a public street in a city is for public travel. *King v. Russell,* 6 East, 430. The same is true of a public sidewalk. Neither may be always wholly restricted to such use. Business men and their employees must have access to and from their places of business, and so must their customers. Dealers, and especially wholesale dealers in the crowded portion of

a large city, as here, must, moreover, have an opportunity for receiving and shipping goods more or less bulky and ponderous, and often in the original packages. Such reception and shipment of goods must necessarily, at times, more or less hinder or obstruct travel upon public sidewalks, and even upon public streets. *Welsh v. Wilson*, 101 N. Y. 254. The right to so hinder or obstruct is by no means absolute or continuous. *King v. Russell, supra; Rex v. Cross*, 3 Camp. 224; *Rex v. Jones*, 3 Camp. 230; *Comm. v. Passmore*, 1 Serg. & R. 219; *People v. Cunningham*, 1 Denio, 524; *Reimer's Appeal*, 45 Am. Rep. 373; *Branahan v. Hotel Co.* 48 Am. Rep. 457. It is, at most, temporary. It depends upon the necessity, and the necessity may depend upon the size and weight of the packages handled, the duration of the obstruction, and, perhaps, other circumstances. *Ibid.* "This necessity need not be absolute; it is enough if it be reasonable." *Comm. v. Passmore*, 1 Serg. & R. 219; *People v. Cunningham*, 1 Denio, 530. If the law required an absolute necessity, but few could escape liability. The case is distinguishable from *Denby v. Willer*, 59 Wis. 240, where the defendant justified under an ordinance of the city; and, besides, there was in that case room for the traveler to pass by.

It follows from what has been said that, whenever such dealer so hinders or obstructs public travel upon such sidewalk or street, he thereby takes upon himself the burden of showing the obstruction to have been reasonably necessary and temporary. Failing to do so, he is responsible for any injury therefrom to a traveler upon such street or sidewalk, in the exercise of ordinary care. *Palmer v. Silverthorn*, 32 Pa. St. 69; *Wood v. Mears*, 12 Ind. 515.

Ordinarily, the question of reasonable necessity must be for the jury. In the case of very bulky and ponderous packages or articles, the court may, upon certain facts and under certain circumstances, perhaps, be justified in holding, as a matter of law, that a temporary necessity for hin-

Jochem vs. Robinson and another.

dering or obstructing travel existed in fact. So, where the packages are very small and light, the court may, upon certain facts and under certain circumstances, perhaps, be justified in holding, as a matter of law, that no such necessity existed.

The question here presented is whether the court, upon the facts alleged in the complaint, was justified in holding, as a matter of law, that the use of the skid and toe-board mentioned were, at the time and place in question, reasonably necessary in moving "merchandise packed in kegs of the capacity of about five gallons each," and "each package weighing less than fifty pounds," from the front door of the store of the defendants to their sleigh in the roadway. To so hold, the facts and circumstances must not only be undisputed, but unambiguous, and of such a nature that all reasonable men, unaffected by bias or prejudice, would agree that a reasonable necessity existed for the use of the skid and toe-board. We are unable to reach any such conclusion. On the contrary, we must hold that the inferences and conclusions to be drawn from the facts and circumstances alleged are such as to reasonably justify a difference of opinion, among fair-minded and unprejudiced men, as to the existence of such necessity.

Upon the same principles, we must hold, as this court has frequently held, that the fact that the plaintiff attempted to cross the skid and toe-board, under the facts and circumstances alleged, does not raise a presumption of contributory negligence on his part. See *Wehlin v. Ballard*, L. R. 17 Q. B. Div. 122. That question, like the other, is properly for the jury.

*By the Court.*— The order of the county court is reversed, and the cause is remanded for further proceedings according to law.