CAIRNCROSS, Respondent, vs. THE VILLAGE OF PEWAUKEE and others, Appellants.

*September 28 — October 17, 1893.*

*Municipal corporations: Obstruction in street: Steamboat placed there to be launched: Frightening of horse: Liability of village and of owners of boat: Contributory negligence: Concurrent cause: Notice of injury.*

1. The owners of a small steamboat drew it to the edge of a lake for the purpose of launching it, and left it, about 5 o'clock P. M., in such a position that it extended about half way across a village street. About 10 o'clock the next morning plaintiff was driving along the street, and led his horse past the boat without injury. The owners were then engaged in launching the boat. About an hour and a half later plaintiff returned, and when he attempted to lead his horse by the boat, which was still in about the same position, the horse, being frightened by it, plunged and finally broke the bit and ran away and was injured. In an action against the village and the owners of the boat, the evidence is *held*, as against such owners, to sustain findings of the jury to the effect that the boat was not launched with reasonable care and promptness, and that, as left in the street, it was an object naturally calculated to frighten horses of ordinary gentleness.

2. The fact that plaintiff, when returning, might have passed around the boat by taking another road about a mile and a half longer, was properly excluded from the consideration of the jury upon the question of contributory negligence; and they were properly instructed that they were not to consider the fact that plaintiff knew of the obstruction when he first passed it, except that such fact held him to a greater degree of care in passing it again.

Cairncross vs. The Village of Pewaukee and others.

3. The jury were also properly instructed not to take into consideration the fact that the bit broke.

4. A failure to give the notice required by sec. 1339, R. S., to be given to the village, is no defense for the owners of the boat, who were the active agencies in placing the obstruction in the street.

5. The owners of the boat had the right to place it where they did for the purpose of launching it, and it did not become a public nuisance until it *unnecessarily* impeded or incommoded travel upon the street, that is, until the owners had failed to launch it with reasonable promptness; and the village is not liable, therefore, unless, after the boat had so become a nuisance to the knowledge of its officers, they failed to abate it with reasonable diligence.

APPEALS from the Circuit Court for *Waukesha* County.

The complaint alleges, in effect, the incorporation of the defendant village and its duties with respect to streets therein; that April 26, 1889, the defendants Zaun, *Flannigan*, and *Hengel* negligently, carelessly, and unlawfully placed partially across Main street, adjoining the lake in said village, a steamboat belonging to them, forty-eight feet in length, ten feet in width, and ten or fifteen feet in height, at a place in said street where the same was not more than forty-five feet in width inside the walks; that the defendant village knowingly, carelessly, and negligently authorized, allowed, and permitted said street to become so obstructed by said boat; that April 26, 1889, towards noon of that day, the plaintiff was driving an ordinarily gentle horse with a wagon along and upon said street, unaware of danger, and without fault or negligence on his part, when his horse was frightened by said boat and rendered unmanageable, and broke away from the plaintiff and ran away, breaking his leg and rendering him absolutely worthless, and breaking and injuring his wagon and harness, and in consequence he sustained damage to the amount of $250; and that he had given the statutory notice of such defect, May 30, 1889. Judgment is demanded for the amount of such damage.

The village separately answered by way of admissions

Cairncross vs. The Village of Pewaukee and others.

and denials, and alleged contributory negligence on the part
of the plaintiff, and that, if any liability arose by reason of
the facts alleged in the complaint, its codefendants alone
were liable therefor. The defendants Zaun, *Flannigan*, and
*Hengel* also answered by way of admissions and denials,
and alleged contributory negligence on the part of the
plaintiff.

At the close of the trial the jury rendered a special ver-
dict to the effect that the boat reached the place where it
was launched at 5 o'clock P. M. of the day prior to said ac-
cident; that the officers of the village had notice or knowl-
edge of the presence of the boat at the time it reached that
place; that the boat was not launched with reasonable care,
promptness, and expedition; that the boat, as left in the
street, was an object naturally calculated to frighten horses
of ordinary gentleness; that no assistance was offered to
the plaintiff when he passed the boat at the time of the ac-
cident; that the defendant Zaun was not one of the owners
of the boat; that the fair value of the horse at the time of
the accident was $125; and that the plaintiff was not guilty
of negligence in passing the boat which contributed to the
injury. Thereupon the court ordered that the plaintiff have
and recover of all the defendants, except Zaun, judgment
in accordance with the special verdict for the sum of $125
damages, and for costs. From the judgment entered ac-
cordingly, the said village separately appeals, and the said
*Flannigan* and *Hengel* also appeal.

*Warham Parks*, for the appellant village.

For the appellants, *Hengel* and *Flannigan* there was a
brief by *Ryan & Merton*, and oral argument by *E. Merton*,
They contended, *inter alia*, that it was error to instruct the
jury that they must not consider that there was another
way by which plaintiff could have returned. *Thompson v.
C., L. & C. R. Co.* 54 Ind. 197; *Mount Vernon v. Dusou-
chett*, 2 id. 586; *Clayards v. Dethick*, 12 Q. B. 439.

Cairncross vs. The Village of Pewaukee and others.

For the respondent there was a brief by *Williams &
Robinson*, and oral argument by *O. T. Williams*. They
argued, among other things, that the question of contribu-
tory negligence was fairly submitted to the jury. They
were told that plaintiff's knowledge of the obstruction
made it necessary for him to exercise the greater care in
passing it. That is all the law requires. *Omaha v. Ayer*,
32 Neb. 375. Walking upon a sidewalk known to be in a
dangerous condition does not constitute negligence *per se*.
*Sandwich v. Dolan*, 141 Ill. 430; *Phillips v. Huntington*,
35 W. Va. 406.

CASSODAY, J. The defendants *Flannigan* and *Hengel*
owned the boat, and were the active agencies in placing it
with one end in or near the water of the lake, and the other
about the middle of Main street, about 5 o'clock in the
afternoon of April 25, 1889. There appears to have been
sufficient space between the end of the boat and the other
side of the street for teams to pass and repass. The boat
remained in that position all night and a good share of the
next day. About 10 o'clock in the forenoon of April 26,
1889, the plaintiff led the horse in question along that street
past the boat, without injury, and then drove for a distance
of about two and a half miles toward the north, where he
had some business to do. At the time he so passed the
boat, going north, the men named were engaged in launch-
ing it. He returned about half past 11 o'clock that same
forenoon, and his wife with him. The boat appears to have
remained in substantially the same place as when he went
north. As he approached the boat from the north, he and
his wife got out, and he then took the horse by the bit, and
again started to lead him by the boat, as he had going
north. As he got opposite the boat with the horse, the
latter plunged awhile, and finally the bit parted, and the
horse got away from him and ran and was injured. Thus,

it appears that the boat remained substantially as described for eighteen hours and a half before the injury, and that during that time it was in the charge of the owners and their men.

The findings of the jury to the effect that the boat was not launched with reasonable care, promptness, and expedition, and that, as left in the street, it was an object naturally calculated to frighten horses of ordinary gentleness, seem to be sustained by the evidence, so far as they apply to *Flannigan* and *Hengel*, and the charge of the court submitting such questions to the jury seems to be full and fair, and in no way prejudicial to the defendants *Flannigan* and *Hengel*. So, within the repeated adjudications of this court, the trial judge was justified in refusing to grant the nonsuit as to those two defendants, or to direct a verdict in their favor, and in submitting the question of the plaintiff's contributory negligence to the jury. *Richards v. Oshkosh*, 81 Wis. 228, and cases there cited.

Exception is taken because the court, in charging the jury upon the subject of the plaintiff's contributory negligence, said "that in considering that question you are not to take into consideration the fact, if it is a fact, that there was another road by which he might have passed round this obstacle or obstruction." This was said in view of the fact brought out on the cross-examination of the plaintiff by the counsel for the defendants, to the effect that the distance around by such other road was about a mile and a half. Under the authorities cited, the court was justified in charging the jury as he did. Exception is taken because the court charged the jury that " you are not to take into consideration the fact that the bit broke." This portion of the charge is fairly justifiable upon the rules stated by Dixon, C. J., in *Houfe v. Fulton*, 29 Wis. 304–306, and expressly sanctioned by Mr. Justice Orton in *Olson v. Chippewa Falls*, 71 Wis. 562, 563. Exception is also taken

Cairncross vs. The Village of Pewaukee and others.

because the court charged the jury to the effect that they were not to take into consideration the fact that the plaintiff knew of this obstruction when he passed it going north, a couple of hours before, except that the fact that he so knew held him to a greater degree of care and caution in passing it than if he had not known it. We find no error in such charge.

Error is assigned because the plaintiff was allowed to prove by the witness Bloar, in effect, that in passing the boat on the evening of April 25, 1889, with a double team, no one there offered to assist him in getting his team by the boat. This testimony only bore upon the fifth question submitted to the jury, and they found that no assistance was offered to the plaintiff when he passed the boat at the time of the accident; and the evidence appears to be undisputed that such was the fact.

The want of notice of the defect, required by sec. 1339, R. S., is not available as a defense for *Flannigan* and *Hengel*, who were the active agencies in placing the obstruction in the street. *Hughes v. Fond du Lac*, 73 Wis. 382.

We conclude that that portion of the judgment against *Flannigan* and *Hengel* must be affirmed.

But we are constrained to hold that the appeal of the village stands upon an entirely different footing. True, the jury find that the officers of the village had notice or knowledge of the presence of the boat at 5 o'clock on the evening prior to the accident; but the boat was then in charge of its owners, who were manifestly engaged, at least apparently, in launching the same. The law did not require such officers to assume, in advance, that such owners would not do their duty with respect to launching the boat. The same was true the next morning, when such owners were still apparently engaged in launching the boat. None of the village officers had been an active agent in

placing the boat where it was at the time of the accident. They were, at most, passive observers as to what had transpired respecting the boat. There is no claim that the street itself was defective, otherwise than by the presence of the boat. The boat does not appear to have been left unattended, to the knowledge of any of the village officers. It is unlike the case of the street itself becoming defective, to the knowledge of the road authorities, by reason of a sudden hole in the street or a broken plank in a bridge. The defect here consisted in bringing from a distance an unusual object, and placing the same on the street in a manner naturally calculated to impede travel and frighten horses of ordinary gentleness. In the language of Mr. Elliott: "Any unauthorized obstruction which *unnecessarily* impedes or incommodes the lawful use of a highway is a public nuisance *at common law*." Elliott, Roads & S. 477, and numerous cases there cited. The court charged the jury to the effect that the owners had the right to draw the boat over the highway as they did, and to place it where they did, for the purpose of launching the same. The presence of the boat, therefore, did not become a public nuisance until it *unnecessarily* impeded or incommoded travel upon the street. The boat became such public nuisance only after the owners had failed to launch the same "with reasonable care, promptness, and expedition." True, the question of such reasonable necessity is ordinarily for the jury. The right to so hinder or obstruct travel is by no means absolute or continuous. It is, at most, temporary. It depends upon the necessity, and the necessity may depend upon the size and weight of the object handled, the duration of the obstruction, and perhaps other circumstances. *Jochem v. Robinson*, 66 Wis. 642, and cases there cited. Such being the law applicable, it is obvious that the village officers were not required to interfere until, to their knowledge, the delay of the owners to launch the same had

become unreasonable; and then, after that, such officers would only be required to launch the boat with reasonable care, promptness, and expedition. There is an absence of any evidence in the record to hold the village liable on the theory mentioned.

*By the Court.*— That portion of the judgment which is against *Flannigan* and *Hengel* is affirmed; that portion of the judgment which is against the village is reversed; and the cause is remanded for a new trial upon the issues between the village and the plaintiff.

