'Shohl, P. J.,
concurring. I concur in the result reached by my associates.
There is, however, one fact which I regard as most important, to which not enough weight appears to be given by the statement already made. The case at bar presents an instance of the blocking of the entire surface of a street. Public highways belong from side to side and from end to end to the public. (2 Elliott on Roads and Streets [3 ed.], Section 828.) This paramount right of the public in the use of streets in all their parts is, ¡however, not absolute, but relative. It is subject to such temporary, partial obstruction as manifest necessity may require. The right of persons to obstruct the street or sidewalk temporarily for business uses is justified on the grounds of necessity. People v. Cunningham & Harris, 1 Denio, 524, 530; Callahan v. Gilman, 107 N. Y., 360, 365, and Jochem v. Robinson, 66 Wis., 638.
Illustrations of permissible obstructions are found in the case of Clark v. Fry, 8 Ohio St., 358, and Tolman & Co. v. City of Chicago, 240 Ill., 268, and the cases therein cited. However, there is no case cited by counsel for defendant, and none has been found by the court, justifying systematic, frequent and extensive use by an abutting property-owner of the entire surface of a public street. 'Such a limitation of the rights of the public could *286 ■only be justified by manifest necessity. The fact ■that defendant will be required to employ an additional watchman presents no such necessity. Its greater convenience will not suffice to deprive the public of its paramount rights.