SKIRIS, by Guardian *ad litem,* Respondent, vs. CITY OF PORT WASHINGTON, imp., Appellant.

*October 14—November 10, 1936.*

*Peter M. Huiras,* city attorney, for the appellant.

For the respondent there was a brief by *Schanen, Linley &* *Gerold* and *N. H. Roden,* attorneys, and *Victor Linley* of counsel, all of Port Washington, and oral argument by *Mr. Linley.*

NELSON, J.  In the first cause of action it is alleged in substance that the plaintiff is a minor and a resident of the city of Port Washington; that while coasting on Jackson street in said city at 8 o'clock, p. m., on or about February 1, 1935, he collided with a sleigh which had been parked or left in said street by the defendant Last with the knowledge of the city; that the defendant Last at said time was, and for a

long time prior thereto, had been the owner of real estate abutting on the south side of said street; that the improvements on his said real estate consisted of a dwelling and a barn or shed, which barn or shed abutted on said street and was used by the said defendant for storing trucks, sleighs, and other similar vehicles; that with the knowledge of the defendant city, the defendant Last was permitted to park his said vehicles and implements on a portion of said street set apart for the use of the children and both on and near to the traveled portion thereof; that the defendant Last was permitted to park his vehicles and implements on said street and had done so for many years in the past, to the knowledge and with consent of the said city; that among the vehicles so placed on said street by the defendant Last was a sleigh or part of a sleigh from which protruded a long iron spike; that said sleigh was on the traveled portion of said street; that the plaintiff had no knowledge of the exact location of said sleigh nor of the character thereof; that while lawfully coasting on said street he collided with said sleigh and the spike protruding therefrom and sustained severe injuries; that a notice of said injury and a verified claim for damages were duly served upon and filed with said city on August 8, 1935; that the city failed and neglected to act upon said claim within the time required by law, and declined to pay the damages due the plaintiff; that it was exceedingly unsafe and dangerous for the defendant city to permit the parking of trucks and other vehicles upon and within said street, and that it knew, or ought to have known, that the parking of said vehicles was exceedingly unsafe and dangerous to persons using said street; that the traveled portion of said street at the place where said vehicles and implements were parked, is about fifteen feet wide, and at the time the plaintiff was injured there was little illumination or light.

"12. That notwithstanding that it was the duty of the defendant, city of Port Washington, to keep said street at said point in a safe condition for travel by the plaintiff and other

children using said highway and notwithstanding that said city and its officers had notice of said obstruction and of the existence of the nuisance on said highway, the said defendant, city of Port Washington and its officers neglected and failed to have or cause to have said obstructions and nuisance removed from said traveled portion of said highway."

In the second cause of action, all of the allegations contained in the first cause of action, except paragraph 12, just hereinbefore quoted, are by proper allegations made a part thereof. It is then alleged in substance that prior to February 1, 1935, the defendant city, through its mayor and councilmen, set aside a portion of said street as a public coasting ground which they caused to be closed and blocked off so that it could be used exclusively for the purpose of coasting, and licensed and invited the plaintiff and others to use the street for such purpose; that at the time of licensing and inviting the plaintiff and others to coast on said street the city had knowledge that said sleigh obstruction was in said street, and that said street was thereby rendered unsafe; that notwithstanding said knowledge, and in disregard of the rights of the plaintiff and other persons, the city carelessly and negligently permitted the said sleigh obstruction to remain upon said street, although it knew, or ought to have known, that said sleigh obstruction rendered the said street unsafe and dangerous to persons using the said street for coasting, and that, due to the carelessness and negligence of the city in allowing said sleigh obstruction upon said street, the plaintiff was injured.

The third cause of action need not be summarized, since it obviously relates only to the defendant Last.

We confess that it is somewhat difficult clearly to ascertain from the complaint the precise legal theory or basis upon which the first cause of action is grounded. We therefore take the plaintiff's counsel at their word:

"Recovery is sought on the first cause of action on the ground that the city permitted and consented to a mainte-

nance of an obstruction on a public street in said city. The plaintiff was injured while lawfully using said street by colliding with said obstruction or public nuisance."

Liberally construing the allegations of the first cause of action and giving to them a reasonable intendment, we are of the opinion that they charge the city with a failure to perform its duty to keep the street in question in a safe condition for travel by failing to remove an obstruction or nuisance placed in the street by the defendant Last. This conclusion seems to be justified in view of the allegations that the defendant Last placed the sleigh in the street; that it constituted an obstruction; that the city had knowledge thereof; that the city failed to remove it, and thereby failed to keep said street in a safe condition.

Regarding the plaintiff's second cause of action, his counsel have this to say:

"Recovery is sought on the second cause of action on the ground that the said city of Port Washington unlawfully and carelessly licensed said street for an unlawful and dangerous purpose and that by reason thereof the plaintiff was injured."

In our view, the allegations contained in the second cause of action do not support counsels' statement that the second cause of action is grounded upon an unlawful and careless licensing of a street for coasting,—a dangerous purpose. The gist of the allegations contained in the second cause of action, in our view, is that the mayor and councilmen of the city set aside a portion of Jackson street as a public coasting ground; that said officers caused it to be closed and blocked off so that it could be used only for coasting purposes; that the plaintiff and others were impliedly invited to coast thereon; that the officers of said city "carelessly and negligently permitted the said obstruction to remain on the said street, although they knew, or ought to have known, that said obstruction rendered the said street unsafe and danger-

ous to those persons using the said street for coasting," as a result of which the plaintiff was injured.

Does the complaint state a cause of action against the city? The plaintiff contends that the complaint (first cause of action) charges the city with maintaining or consenting to the maintenance of an obstruction or public nuisance in Jackson street rather than with a failure to perform its statutory duty to keep its street in a safe and sufficient condition. The fair intendment of the complaint is that the city did not create or maintain the obstruction, but, having knowledge of its existence, did not remove it or cause it to be removed.

It has been held that a city may not create a nuisance in a public street and that, if it does, it may be held liable for damages resulting therefrom. *Hughes v. Fond du Lac,* 73 Wis. 380, 41 N. W. 407. In that case it was said:

"In this case the city itself created the nuisance, as much as though it had dug a ditch in the street, or placed a pile of stone or any other obstruction in the highway, which made it dangerous to travelers; and why should it be exempted from liability to a party injured, on general principles."

It has also been held that an individual renders himself liable if he unreasonably obstructs a street to the damage of another. *Denby v. Willer,* 59 Wis. 240, 18 N. W. 169; *Jochem v. Robinson,* 66 Wis. 638, 29 N. W. 642; *Cairncross v. Pewaukee,* 86 Wis. 181, 56 N. W. 648; *Busse v. Rogers,* 120 Wis. 443, 98 N. W. 219.

But it never has been considerately held that a city or town may be liable for an obstruction or nuisance created in a street or highway, by another, unless the obstruction amounts to a defect in the highway, although there is language in some of the cases that lends some support to the contrary.

In the following cases liability was grounded upon the failure of the municipality to construct or maintain its streets

or highways in a sufficient and safe condition pursuant to its duty so to do: In *Bloor v. Delafield,* 69 Wis. 273, 34 N. W. 115, a mortar box which had been deposited on the side of the highway caused a runaway. It was treated by this court as a "defect in the highway" of which the town had notice, and therefore charged with the duty of removing it. In *King v. Oshkosh,* 75 Wis. 517, 44 N. W. 745, the city was held liable on the ground that it had permitted a private corporation to maintain a hydrant within the limits of the sidewalk for a period of about four years. It was there said:

"If its officers unnecessarily suffer a dangerous structure or object to remain upon its streets, after notice of its existence and time to remove it, the city is liable for an injury caused thereby to one in the exercise of proper care. It has been so held by this court in numerous cases, and the same doctrine is laid down in some of the cases above cited."

While the court did not, in so many words, ground its decision upon the failure of the city to perform its statutory duty to maintain its street in a safe and sufficient condition, that is the clear implication of the language used.

In *Ziegler v. West Bend,* 102 Wis. 17, 78 N. W. 164, it was sought to recover damages from the city because of a defective manhole. The distinction between the act of a municipality in creating a nuisance and in failing to make a street reasonably fit for public travel or to keep it in a proper state of repair was there considered and discussed. It was there said:

"The act of a municipality resulting in *the creation* of a nuisance, and the failure to make a street reasonably fit for public travel or to keep it in a proper state of repair after the original construction, are sufficiently distinct that no great difficulty, it would seem, need be experienced in distinguishing when a claim for damages falls under sec. 1339 and when not. *In the one case the street is obstructed or made unsafe by some act of the municipality of commission*

*or omission,* not connected with its construction or repair; in the other the insufficiency grows out of the unsafe construction of the street or the insufficient repair of it."

In *Morrison v. Eau Claire,* 115 Wis. 538, 92 N. W. 280, it was sought to recover damages resulting from the maintenance of a nuisance by the city. The nuisance which allegedly caused the injury was a pile of mortar, bricks, and debris. The city was not charged with any responsibility for such substance being placed there originally. The court said:

"This is no more than an omission of the city's statutory duty to keep the highway within its limits reasonably safe for travel thereon, obviously a governmental function performed on behalf of the state at large, from which the municipality derives no pecuniary benefit. From such omission, but for express statute, arises no right of action in favor of one toward whom this mere governmental duty is owed, such as a traveler. *Stilling v. Thorp,* 54 Wis. 528. . . .

"Another copious collection of cases are cited to sustain the proposition that the city is liable for an injury resulting from the presence of extraneous matter in the street, constituting what appellant is pleased to declare an obstruction, and not a mere insufficiency or want of repair. Such cases cited, and similar ones which might have been, are *Barstow v. Berlin,* 34 Wis. 357; *Prideaux v. Mineral Point,* 43 Wis. 513; *Raymond v. Sheboygan,* 70 Wis. 318, 35 N. W. 540; *Kollock v. Madison,* 84 Wis. 458, 54 N. W. 725; *Cairncross v. Pewaukee,* 86 Wis. 181, 56 N. W. 648; *Hein v. Fairchild,* 87 Wis. 258, 58 N. W. 413; *Ziegler v. West Bend,* 102 Wis. 17, 78 N. W. 164. That these cases declare the liability of a municipality for injuries resulting from such 'obstructions' is unquestionable, but not that such liability rests on it by common law. Examination of all of them will leave no room for doubt that what they in fact decide, albeit not always expressly, is that in sec. 1339 the words, 'insufficiency or want of repair,' are not used in so restrictive a sense as to include only inadequacy of original construction and subsequent deterioration, but also include such obstacles

and defects as render the use of the highway dangerous to one exercising ordinary care, provided, of course, the municipality had notice of defect and opportunity to remove the same, and, as a result of such construction, that liability is imposed by that statute."

In *Radichel v. Kendall,* 121 Wis. 560, 99 N. W. 348, a situation quite similar to the one here existed. Recovery of damages was sought from the village because its officers had permitted the owner of a buggy to leave the same when not in use in the traveled part of one of the village streets. The plaintiff collided with one of the thills which extended across the traveled pathway, resulting in his injury. This court, in construing the complaint, said:

"The gravamen of the complaint is that the defendant had, for a long time before the respondent was injured, permitted the street . . . to be unsafe for public travel."

The court further said:

"We need hardly stop to discuss the question of whether the customary use of a street for the purpose of storing vehicles when not in use, so that the draft poles thereof are liable to be located across the pathway customarily used by pedestrians, would or might, as regards such persons, when traveling in the nighttime, render such street unsafe. . . .
"That a street may be rendered unsafe for public use so as to charge a municipality with the consequences by the long-continued use thereof for such a purpose as the leaving of vehicles or other objects therein, seems obvious."

That action was treated as one involving the statutory duty of a municipality to maintain its streets in a safe and sufficient condition.

*Carlon v. Greenfield,* 130 Wis. 342, 110 N. W. 208, was an action brought to recover damages for injuries sustained as a result of a runaway. The horse in that case was frightened by certain boards, barrels, and a mortar box deposited

next to the traveled portion of a highway. It was there said:

"It has been held that such an object within the limits of a highway may naturally tend to frighten horses of ordinary gentleness and thus render the highway an insufficient and defective one under the statute. [Cases cited.] The question, then, is whether the box and other material was unnecessarily dangerously near the traveled track of the highway, making it a defective one for public travel."

In *Jensen v. Oconto Falls,* 186 Wis. 386, 202 N. W. 676, certain highway officers of the town left a long culvert pipe in the highway for a number of days prior to the time when the plaintiff was injured. Although certain town officers were responsible for leaving the culvert pipe in the highway, the action was not considered as one involving a nuisance created by the municipality. The action was considered ruled by the law which imposes upon municipalities the duty of maintaining highways in sufficient repair.

While there are expressions in some of the opinions tending to support the contention that a municipality may be liable for a nuisance not created by the municipality but by another, it is clear that the cases reviewed ground municipal liability upon a violation of its statutory duty to keep its highway in a safe and sufficient condition of repair. It is hoped that this opinion will have the effect of clearing up some of the uncertainty as to what the law is in this state.

This discussion has been necessary because it appears from the allegations of the complaint contained in the first cause of action that, although the plaintiff was injured on February 1, 1935, he did not serve a notice of injury on the city until August 8, 1935. It therefore appears from the allegations of the complaint that the plaintiff did not serve his notice in writing with the clerk of the city against which damages are claimed within thirty days after the happening

of the event causing such damage, as required by sec. 81.15, Stats.

Since we are of the opinion that the complaint (first cause of action), ignoring the question of notice to the city, could be sustained only if it charges a failure of the city to perform its statutory duty to maintain its street in a reasonably safe and sufficient condition, and, since it fails to allege the giving of notice within the time required by sec. 81.15, it must be held that the trial court improperly overruled the demurrer to the first cause of action. *Hogan v. Beloit,* 175 Wis. 199, 184 N. W. 687; *Reed v. Madison,* 83 Wis. 171, 53 N. W. 547.

With respect to the second cause of action, it is our opinion that it fails to state a cause of action for the reasons stated in the very recent case of *Virovatz v. Cudahy,* 211 Wis. 357, 247 N. W. 341. When the city set aside and blocked off a portion of Jackson street for the exclusive use of coasters, the city established or set aside that certain area as a playground, and in so acting it was in the exercise of a governmental function. Under the law of this state, no liability attaches to the municipality under such circumstances because of the negligence of its officers or agents. No useful purpose would be served by rediscussing the law of the *Virovatz Case.* It follows that the demurrer to the second cause of action should have been sustained.

*By the Court.*—Order reversed, with directions to sustain the demurrer.