[Civ. No. 1286.  Second Appellate District.—April 8, 1913.]

ALFRED FISHER, a Minor, by John W. Fisher, his Guardian ad litem, Respondent, v. LOS ANGELES PACIFIC COMPANY (a Corporation), et al., Defendants; WELLS–FARGO & COMPANY EXPRESS (a Corporation), Defendant and Appellant.

[Civ. No. 1287.  Second Appellate District.—April 8, 1913.]

JOHN W. FISHER, Respondent, v. LOS ANGELES PACIFIC COMPANY (a Corporation), et al., Defendants; WELLS–FARGO & COMPANY EXPRESS (a Corporation), Defendant and Appellant.

MUNICIPAL CORPORATIONS—OBSTRUCTION OF STREET—TEMPORARY DEPOSIT OF FREIGHT BY CARRIER.—The mere unloading of freight from an express-car and temporarily depositing it in the street near the railroad track in the course of transporting it to its destination, does not violate an ordinance declaring it a nuisance to place or to allow to remain movable signs or other movable obstructions upon any street or sidewalk so that the same shall become an obstruction to the traveling public.

ID.—INJURY TO PERSON FALLING OVER FREIGHT IN STREET.—In an action against a carrier for personal injuries sustained by falling over freight deposited in the street after having been unloaded from a car, it is prejudicial error to instruct the jury that if the carrier allowed the freight to remain in the street for some appreciable period of time, such freight constituted an unauthorized and unlawful obstruction of the street and was negligence on the part of those committing the act.

ID.—DEFINITION OF "APPRECIABLE."—The word "appreciable" means "capable of being estimated; perceptible."

ID.—JUDGMENT—PERSONS CONCLUDED—EXPRESS COMPANY AND ITS AGENT.—A judgment in favor of an express agent in an action against him and the express company for injuries received by a person from falling over freight left temporarily in a public street, is not a bar to a judgment against the company, where his failure to remove the freight was due to his being occupied with other duties.

ID.—PERSONS BOUND BY JUDGMENT—RAILWAY COMPANY AND EXPRESS COMPANY.—In an action against a railway company and an express company, hauling over its line, for injuries received by the plaintiff

in falling over freight unloaded from a car and left in the street, a judgment in favor of the railroad company is not a bar to a judgment against the express company.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul J. McCormick, Judge.

The facts are stated in the opinion of the court.

Gurney E. Newlin, and Roy V. Reppy, for Appellant.

Thomson & Spencer, for Respondents.

SHAW, J.—In the first of the above-entitled causes, Civil No. 1286, the plaintiff, a minor, sues to recover damages for personal injuries alleged to have been sustained by him on account of the negligence of the three defendants. In the second, Civil No. 1287, plaintiff, as the minor's father, sues to recover damages by reason of expenses incurred by him for necessary medical treatment rendered his son. The complaints, in so far as they allege the facts constituting the negligence of defendants and their relations to each other, are identical, and the answers, each of which was joined in by all three defendants, were the same, consisting of denials of the alleged negligence on the part of each defendant, and alleging contributory negligence on the part of the minor and his father. As stipulated, the two causes were tried together before a jury which, as to defendant Wells-Fargo Express Company, rendered a verdict for plaintiff in each of the cases, and as to the other two defendants rendered a verdict in their favor and against plaintiffs. Judgment followed in accordance with the verdict, from which defendant Wells-Fargo Express Company prosecutes this appeal upon the judgment-roll, accompanied by a bill of exceptions.

The action is founded upon the following facts as to which there is little, if any, dispute: The Los Angeles Pacific Company was engaged in operating an electric railway line, extending from the city of Los Angeles over and along the center of a street known as Oregon Avenue in the city of Sawtelle to Santa Monica, for the transportation of passengers, and over which and by means of cars operated by said defendant for Wells-Fargo Express Company the latter was engaged as

a common carrier in transporting freight in charge of an express messenger from point to point along the line of said railway. Defendant Tyler was an employee of both companies in the capacity of local express and ticket agent and station master at Sawtelle. The Los Angeles Pacific Company maintained a depot on said avenue in Sawtelle in front of and adjoining which was a sidewalk twelve feet in width. At about 9:30 o'clock A. M., September 6, 1909, at which time, owing to its being a holiday, travel over said line was congested, an express car hauled by defendant Los Angeles Pacific Company for said Wells-Fargo Express Company and in charge of an employee as messenger of said latter company, was stopped in front of the Sawtelle depot on Oregon Avenue, from which was unloaded and piled in the street at a point distant two feet or less from the side of the track and between it and the depot certain merchandise and freight, including a trunk, all of which was delivered by the express company through its said messenger and received and receipted for by defendant Tyler as the agent of said company. This freight was permitted to remain in the street next to the track where it was unloaded until about 10 o'clock A. M., at which time Alfred Fisher, 9 years of age, accompanied by his father, was at the depot awaiting a car upon which to go to the beach. He saw the car approaching, upon the front seats of which were two of his relatives, and ran to a point just east of the pile of express matter, expecting the car to stop with the front entrance in line with where he stood. While the car slowed down it continued to a point farther west and the boy in walking with, but not touching it, stumbled and fell over the corner of the express matter so piled in the street, and in falling his left hand was thrust upon the track, as a result of which the hand was mangled by the second wheel of the front truck running over it.

The complaint not only alleged negligence on the part of defendants and each of them in so obstructing the street, but alleged that so depositing the freight and permitting it to remain in the street was contrary to the provisions of a municipal ordinance of the city of Sawtelle prohibiting such acts. The objection of defendants to the introduction of an ordinance offered in evidence was overruled, and this ruling and the giving of certain instructions based upon the ordinance

are assigned as error. The provisions of this ordinance, so far as necessary to the inquiry, declare it to be a public nuisance—

"7. To permit fixed signs, or other awnings to protrude upon any public street, alley or sidewalk, so that the same shall become an obstruction to the traveling public.

"8. To place, or to allow to remain, movable signs or other movable obstructions, upon any street, alley, or sidewalk, so that the same shall become an obstruction to the traveling public.

"9. For any person, persons, firms, or corporations doing business in the city of Sawtelle, to permit any goods, wares, merchandise, or fixtures, either in packages, box, or otherwise, or the boxes, barrels, or other cases or wrappings, in which articles of commerce, or in transit are usually packed or shipped, to remain on any public street, alley or sidewalk, after the hour of eight o'clock past meridian, of each and every day and until the opening of business the next day."

Subdivision 7 may be eliminated from the discussion, for it clearly applies only to signs and awnings which in their construction project upon and into the street. Subdivision 8 by its terms applies to all movable obstructions which constitute an obstruction to the traveling public; hence, if the express matter so piled in the street was an obstruction to the use of the street by the traveling public, the placing of it there and permitting it to remain was in violation of the ordinance and constituted negligence on the part of those committing the acts. Appellant insists that, upon the doctrine of *ejusdem generis,* the words "other movable obstructions" contained in the provision must be construed as having reference only to other obstructions like or similar to movable signs. This contention is based upon the general rule that where a statute enumerates one or more things and immediately following and classed with such enumeration the clause embraces other things, the word "other" will generally be read as "other such like," so that things therein comprised may be read as *ejusdem generis* with and not different from those specifically enumerated. (21 Am. & Eng. Ency. of Law, p. 1012.) Applying this rule, we are of opinion that it was intended that the words "other movable obstructions" should be deemed *ejusdem generis* with movable signs. This interpretation finds support in

the fact that, by implication at least, subdivision 9 of section 1 of the ordinance permits goods, wares, and merchandise to be deposited upon the street by persons, firms, or corporations during the period extending from the opening of the business day to 8 o'clock P. M. thereof. The restriction made was clearly within the legislative power of the city, and since it is not only customary, but necessary, in transmitting goods and merchandise to and from the streets to store-rooms, to deposit them temporarily upon the streets, it cannot be said that the grant of such permission is in conflict with section 370 of the Penal Code. We therefore conclude that the mere act of unloading this express matter into the street in transit from the car to the store-room was not of itself a violation of the ordinance. (*Tolman* v. *Chicago,* 240 Ill. 268, [16 Ann. Cas. 142, 24 L. R. A. (N. S.) 97, 88 N. E. 488].) Custom and necessity demanded such use of the street. It follows that the reception of the ordinance in evidence, and the giving of the instructions based thereon, was error.

The court instructed the jury as follows:

"I charge you that if you believe from the evidence that all or any of the defendants in this case placed upon Oregon Avenue, a public street in the city of Sawtelle, one or more trunks, boxes, or other freight matter and allowed same to remain there for some appreciable period of time, that such trunks or freight were then and there an unauthorized obstruction (as elsewhere defined in these instructions) upon a public highway. I charge you that in order to be an obstruction to a public highway so as to constitute a public nuisance, or be an unauthorized and unlawful obstruction, it is not necessary that such obstruction should stop entirely or blockade public travel. Any unauthorized obstacle which makes travel dangerous to life, limb, or health, is an obstruction. The public, of which Alfred Fisher was a part, was on September 6, 1909, and at all other times, entitled to the free and unobstructed use of the entire street and sidewalk on Oregon Avenue, Sawtelle, for purposes of travel, subject only to the reasonable and proper control of the municipality and the law. And if the defendants, or either of them, were guilty of an act which deprived the public, including Alfred Fisher, of this free and unobstructed use of the street and sidewalk, then such act was

an obstruction of Oregon Avenue as referred to elsewhere in these instructions.''

While the streets of a city are designed primarily for traveling and transporting goods to and fro thereon, it is quite as lawful for both persons and property to be temporarily at rest upon them as it is to be in motion. Indeed, otherwise the streets would be of little use to the abutting property owner, since in transporting goods and freight to and from his store-room it is absolutely necessary to deposit the same for an ''appreciable period of time'' upon the street. ''Such an appropriation of the street is exceptional, and is justified on the ground of necessity, but a license for it may be implied in the absence of an ordinance expressly conferring the right.'' (*Longenecker* v. *Wichita etc. Co.*, 80 Kan. 413, [102 Pac. 492].) If the use be in accordance with the manner in which reasonable men use the street, such use is not a nuisance under section 370 of the Penal Code. The word ''appreciable'' is defined as ''capable of being estimated; perceptible.'' In effect, the court by these instructions told the jury that on September 6, 1909, and at all times, Alfred Fisher was entitled to the free and unobstructed use of the entire width of Oregon Avenue; that the deposit of goods thereon by defendants for a period of time capable of being estimated, however short in duration, constituted an unauthorized and unlawful obstruction of the street, and was negligence on the part of those committing the act. Such instruction was not only erroneous, but highly prejudicial. Whether or not the act of defendants in so depositing goods and leaving them upon the street for a period of forty minutes was an act of negligence depends upon whether such use of the street was in the customary manner and reasonably necessary according to the usages of reasonable men, having due regard for the public convenience and safety. Respondent directs our attention to the language used by the supreme court in the case of *Vanderhurst* v. *Tholcke*, 113 Cal. 147, [35 L. R. A. 267, 45 Pac. 266], where it is said: ''The public is entitled to the free and unobstructed use of the entire street and sidewalk for purposes of travel, subject only to the reasonable and proper control of the municipality.'' That action was one to enjoin the city from removing a permanent obstruction consisting of trees growing in the street and which permanently obstructed the

use thereof. It has no application to the facts in the case at bar.

Appellant claims that if chargeable at all for plaintiff's injuries, its liability therefor must be predicated upon the doctrine of *respondeat superior* for the negligent acts of its local agent, the defendant Tyler, and that since the jury found that he was not guilty of negligence, such verdict is a bar to the rendition of a judgment against Wells-Fargo Express Company. Hence, appellant insists, upon the authority of *Doremus* v. *Root*, 23 Wash. 710, [54 L. R. A. 649, 63 Pac. 572], that it is the duty of this court to order judgment entered for appellant. It was there held that in an action against a master and his servant for injuries caused by the alleged negligent acts of the latter, performed within the scope of his employment, a verdict in favor of the servant precludes the rendition of judgment against the master. In such case the suit is not based upon the act of the master unless done under his express direction, but upon the alleged negligent act of the servant whose negligence as to the party injured is imputed to the employer; hence, if determined that the servant was not negligent, it must follow that no liability could be imposed upon the master. This rule is not only supported by principle, but as well by numerous authorities. (See *Doremus* v. *Root*, [23 Wash. 710, 54 L. R. A. 649, 63 Pac. 572] ; *Stevick* v. *Northern Pac. Ry. Co.*, 39 Wash. 501, [81 Pac. 999] ; *Morris* v. *Northwestern Imp. Co.*, 53 Wash. 451, [102 Pac. 402] ; *Sipes* v. *Puget Sound Elec. Ry. Co.*, 54 Wash. 47, [102 Pac. 1057].) From an examination of these cases, however, it appears that in all of them the actions were based upon the negligence of the servant with whom the master was joined as defendant, and whose liability for the resulting injuries to plaintiffs was due solely and alone to the alleged negligent acts of the employee being imputed to him under the doctrine of *respondeat superior*. The case at bar does not fall within the principle enunciated by these cases. Not only does the complaint fail to charge appellant with negligence imputed from the acts of Tyler, but the allegations thereof are inconsistent with such theory. It is alleged that the injuries were caused by "the joint and concurring negligence of the two corporations defendant, their respective servants, agents and employees, and the defendant C. E. Tyler." Under these allegations, evi-

dence might be offered tending to show that it was not the duty of Tyler to remove this express matter from the street, in which event he, of course, would not be liable, or that the acts were performed by some other employee or by the express direction of some superior officer of appellant. However this may be, suffice it to say that the complaint by independent statements charges appellant with acts of negligence alleged to have been the proximate cause of the injury. The evidence disclosed by the record tends to show that the express matter was unloaded from the car and deposited in the street by an employee of appellant other than Tyler. Moreover, it was the duty of appellant to provide a force sufficient to properly handle its business at Sawtelle. Tyler's failure to remove the goods from the street was due to the fact that the entire period from the time the goods were unloaded up to the time of the accident was by him devoted to the performance of other duties devolving upon him, by reason whereof he was prevented from removing them, and there was no other employee of appellant charged with the duty of removing the goods. Appellant had the right to unload and deposit the express matter upon the street in transmitting it from the car to its destination, but if leaving it piled upon the street for a period of forty minutes, as shown by the evidence, constituted negligence, and it was impossible owing to other duties required of him, for Tyler to remove it, then appellant might be held negligent independently of Tyler's acts in that it failed to provide a sufficient force to remove the goods within a reasonable time after depositing them in the street. (*Masner* v. *Atchison, Topeka & Santa Fe Ry. Co.*, 177 Fed. 618, [101 C. C. A. 244]; *Young* v. *Syracuse etc. Ry. Co.*, 166 N. Y. 227, [59 N. E. 828]; *Egan* v. *Sawyer & Austin Lumber Co.*, 94 Wis. 137, [68 N. W. 756].)

Neither can we assent to the proposition that the verdict in favor of defendant Los Angeles Pacific Company constituted a bar to the rendition of judgment against appellant. It is the duty of a common carrier, as claimed by appellant, to keep its station platforms, required for the use of passengers in boarding and departing from its cars, free from obstructions calculated to endanger their safety, but the goods were not left upon its station or grounds. Subject to its franchise to maintain its tracks over which to operate its cars, the right of

the Los Angeles Pacific Company to the use of the street did not differ from that possessed by others. As shown by this record, the relation of the Los Angeles Pacific Company to appellant in no wise differed from its relation to a passenger who, having shipped a trunk over its road, unloaded it from the car upon the street and left it there for an unreasonable length of time, thus constituting an unlawful obstruction to public travel. In an action brought against the passenger with whom the company is joined as defendant to recover for injuries resulting from such negligent act, exoneration of the company from blame could not be a bar to recovery against the passenger. There is nothing in the record showing that any special duty was imposed upon the Los Angeles Pacific Company to keep Oregon Avenue in the city of Sawtelle free from obstructions.

By reason of the errors first herein pointed out, the judgment in each case is reversed.

Allen, P. J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 8, 1913, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 7, 1913.