Hamilton, J.
The defendant is engaged in the handling of live stock in the city of Cincinnati, with yards and property on Johnson street, a short street located in the West End of the city. Defendant owns, real estate on both sides of the street, which is about thirty feet in width. It has been engaged in the business of handling live stock at this place for a great many years. In the course of its business it drives cattle from its property on the east side of Johnson street to its property on the west side of the street, in bunches, many times during the day.
Shortly before the institution of this action the defendant hung two gates on hinges on each side of the street, attached to its buildings, which build *283 ings were flush with the street line. They were so attached that when opened toward the street they would meet in the center of the street and could be fastened together, thus making a lane some eight feet in width through which the cattle could be driven. While one of the gates served the double purpose of closing an entrance into the stockyards, when swung back, and of making a lane across the street, when open, the other gates were constructed for the sole purpose of making .the lane across the street.
Plaintiff, Moses F. Brown, is a property-holder, owning real estate adjacent to the property of defendant, fronting on Johnson street, and is engaged in a similar business. He brings this action seeking an injunction against the maintenance of the gates above described by the defendant company. The defendant company contends that the gates are only to be opened for temporary purposes and to facilitate the moving of cattle, and that they save the employment of one man.
Johnson street is a public street in the city. The right of the public in the use of a highway is the right of transit to every person who has occasion so to use it. This right is, however, subject to such incidental and temporary or partial obstruction as manifest necessity may require. Clark v. Fry, 8 Ohio St., 358.
Temporary encroachments on a highway by individuals are permissible, but must be necessary and reasonable. Callahan v. Gilman, 107 N. Y., 360, and Tolman & Co. v. City of Chicago, 240 Ill., 268.
*284 Do the facts in this case bring the defendant within this rule? While it is claimed and the facts show that the construction of these gates across Johnson street greatly facilitate the passage of cattle and save the use of one extra man to guard the street if they are driven across without gates, this is the most that can be claimed under the evidence. The majority of the court are of the opinion that the closing of the gates can not be considered as a temporary matter, in view of the fact that the evidence shows it to be the practice of the defendant company to drive the cattle across the street many •times per day, and the use of the gates each time practically results in the permanent blocking of the street.
It is urged that the use of the gates would no more block the street than would the driving of the cattle across the street without gates, as it would be impossible to cross while the cattle were passing over, but this is beside the question, as no complaint is made of the driving of the cattle without gates. Added facilities or a measure of economy will not constitute necessity or reasonableness in the encroachment. Neither can it be said that the opening and closing of the gates at frequent intervals make the encroachment temporary, rather than permanent.
We are, therefore, of the opinion that the maintenance of these gates and the uses to which they are put are neither necessary within the rule, reasonable, or temporary, and the closing of the same across the street will be enjoined.
*285 A decree may be taken accordingly.

Injunction allowed.

'Cushing, J., concurs.