Kobin, Respondent, vs. Saint Paul Fire & Marine In-
surance Company, Appellant.

*September 20—October 8, 1912.*

*Insurance against fire: Proof of title to realty: Possession: False
swearing. by insured: Findings of fact: Evidence: Burden of
proof.*

1. In an action to recover for a loss under a policy insuring a dwell-
ing house, proof of possession of the property at and prior to
the time when the policy was issued was sufficient *prima facie*
evidence of plaintiff's title to the real estate, especially where
the policy described the house as his and was issued upon a
written application stating that the building was upon land
owned by him.

2. Although plaintiff contradicted himself several times and gave
some evidence strongly indicating that he wilfully swore
falsely, yet upon the whole record, it appearing among other
things that he did not understand the English language well
and that he was considerably confused in answering questions
on cross-examination, it is *held* that findings by the jury to the
effect that neither in his proofs of loss nor in his examination
before a justice under the policy had he knowingly and inten-
tionally sworn falsely as to matters relating to the insurance,
should not be disturbed.

3. An instruction to the jury in such case that the burden of proof
both as to falsity of statement and as to wilfully false swear-
ing was upon the defendant, was correct. The burden of proof
did not shift.

Appeal from a judgment of the circuit court for Marathon
county: A. H. Reid, Circuit Judge. *Affirmed.*

This action was brought to recover damages for a loss
under a Wisconsin standard fire insurance policy covering a
dwelling house and furniture and other property. A fire oc-
curred June 13, 1910, destroying the dwelling house and part
of the household furniture. The answer set up that the loss
resulted solely by reason of the wrongful act and design of
the plaintiff by setting fire with intent to destroy the prop-
erty and defraud the defendant, and also fraud in preparing

and presenting statement of loss alleged to have been sustained, and by falsely swearing respecting amount of loss. The court denied a motion for directed verdict and the jury returned the following:

"(1) What direct loss or damage did plaintiff suffer by the fire in question to the personal property listed in his proofs of loss, 'Exhibit 2'?   A. $600.

"(2) Did plaintiff, in his proofs of loss, 'Exhibit 2,' knowingly and intentionally swear falsely touching any matter relating to this insurance or subject thereof?   A. No.

"(3) Did plaintiff, in his examination before Justice Nightingale, under the policy, knowingly and intentionally swear falsely touching any matter relating to this insurance or the subject thereof?   A. No.

"(4) If you answer either question number 2 or question number 3 'Yes,' then was such false swearing done with intent to mislead the defendant and induce it to act to its injury?   A. ——."

The defendant made the usual motions after verdict, which were respectively denied.   Judgment was entered for the plaintiff, from which this appeal was taken.

*Daniel H. Grady,* for the appellant.

For the respondent there was a brief by *John F. Hooper,* attorney, and *Kreutzer, Bird, Rosenberry & Okoneski,* counsel, and oral argument by *Claire B. Bird.*

KERWIN, J.   The first error assigned is that there was no proof of plaintiff's title in fee simple in the real estate upon which the building destroyed by fire stood.   It is claimed on the part of the appellant that the title could not be established by oral testimony, and that the best evidence of title to real property, when the same is in issue, consists in such muniments of title as deeds, mortgages, etc., and that unless the absence of such evidence is satisfactorily explained parol evidence will not be received to prove title.   In the instant case the plaintiff proved possession of the property at and prior to the time the policy was issued.   Besides, the policy issued

upon plaintiff's house described it as "his two-story, shingle roof, frame dwelling house" and was issued upon a written application representing that the building was upon land owned by the plaintiff.

Proof of possession is sufficient *prima facie* evidence of title to real estate, and the evidence here went beyond that and is ample to make a *prima facie* case of title in plaintiff. *Wausau B. Co. v. Plumer,* 35 Wis. 274, 281; *Loberg v. Amherst,* 87 Wis. 634, 58 N. W. 1048; 4 Wigmore, Ev. § 2515.

Counsel for appellant attacks the answers to the second and third questions of the special verdict as not being supported by the evidence. It is true plaintiff in his evidence contradicted himself several times and gave some evidence which would strongly indicate that he wilfully swore falsely. But after a careful examination of all the evidence we are not prepared to say that the answers of the jury to these questions should be disturbed. It appears from the record, and was so stated by the trial judge, that the plaintiff did not understand the English language well and apparently was considerably confused in answering questions under the very severe cross-examination by counsel for appellant. The court below and the jury were in far better position to judge of the credibility of the evidence of plaintiff than we are. After a careful examination of the record the court is of opinion that the answers of the jury to the second and third questions of the special verdict should not be disturbed. *Meyer v. Home Ins. Co.* 127 Wis. 293, 106 N. W. 1087; *Wunderlich v. Palatine Ins. Co.* 115 Wis. 509, 92 N. W. 264.

It is insisted in the brief of counsel for appellant, and also was pressed in argument here, that the court committed reversible error in its instructions upon the burden of proof wherein it instructed that the burden of proof on both the falsity of statement and wilfully false swearing was upon the defendant, and it was claimed, in view of the evidence produced, that the burden of proof was shifted. There was no

error in the charge. The burden of proof did not shift. *Winn v. Itzel,* 125 Wis. 19, 103 N. W. 220.

There are some other detailed errors assigned, which we have examined but deem unnecessary to discuss. We find no prejudicial error in the record.

*By the Court.*—The judgment is affirmed.